United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Chanel, Inc., Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 13-24385-Civ-Scola |
| Michael Ponziano, Vincent Ponziano, individually and jointly d/b/a bestbuyfragrance.com, and Does 1–10, Defendants | ) ) ) ) ) |

## Final Default Judgment And Permanent Injunction

The Plaintiff, Chanel, Inc. has moved for final default judgment and permanent injunction on its claims against Defendant, Michael Ponziano, an individual, d/b/a bestbuyfragrance.com (the "Defendant") consistent with Federal Rule of Civil Procedure 55(b)(2). The Court has considered the unopposed motion, the record, and the relevant legal authorities.

The Court **grants** the Plaintiff's Motion for Entry of Final Default Judgment (ECF No. 18). Final default judgment is **entered** in favor of Plaintiff, Chanel, Inc., a corporation duly organized under the laws of the State of New York with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019, and against Defendant on all Counts of the Complaint as follows:

1) Permanent Injunctive Relief: Defendant and his officers, agents, servants, employees and attorneys, and all persons acting in concert and participation with Defendant are hereby permanently restrained and enjoined from:
    a) manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods using the Plaintiff's trademarks identified in Paragraph 7 of the Complaint (the "Chanel Marks");
    b) using the Chanel Marks in connection with the sale of any unauthorized goods via any website, including bestbuyfragrance.com, and/or via Youtube.com, Twitter and/or Instagram or any other social media site;
    c) using any logo, and/or layout which may be calculated to falsely advertise the services or products of Defendant offered for sale or sold by the Defendant, individually or via any associated business, including, but not limited to, via any website, including

      bestbuyfragrance.com, and/or via Youtube.com, Twitter and/or Instagram or any other social media site as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff;

    d) falsely representing themselves as being connected with Plaintiff, through sponsorship or association;

    e) engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendant offered for sale or sold by the Defendant, individually or via any associated business, including, but not limited to, via any website, including bestbuyfrgrance.com, and/or via Youtube.com, Twitter and/or Instagram or any other social media site which are in any way endorsed by, approved by, and/or associated with Plaintiff;

    f) using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendant, individually or via any business associated, including, but not limited to, via any website, including bestbuyfragrance.com, and/or via Youtube.com, Twitter and/or Instagram or any other social media site with the Defendant, including, without limitation, fragrance products;

    g) affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent goods offered for sale or sold by Defendant, individually or via any associated business, including, but not limited to, via any website, including bestbuyfragrance.com, and/or via Youtube.com, Twitter and/or Instagram or any other social media site as being those of Plaintiff or in any way endorsed by Plaintiff;

    h) otherwise unfairly competing with Plaintiff; and

    i) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above

2) An award of $360,000.00 in statutory damages in accordance with 15 U.S.C. § 1117(c) in favor of Plaintiff and against the Defendant for which let execution issue;

3) An award of $400.00 in costs in favor of Plaintiff and against the Defendant for which let execution issue;

4) Interest from the date this action was filed shall accrue at the legal rate. See 28 U.S.C. § 1961.

5) This Case is **closed**, and all pending motions are **denied as moot**.

**Done and ordered**, in chambers at Miami, Florida, on October 1, 2014.

                                                                _____
                                                                Robert N. Scola, Jr.
                                                                United States District Judge